**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

SHABOYD PIERRE CANNON                              CIVIL ACTION

VERSUS                                                      17-527-SDD-RLB

SOUTHERN UNIVERSITY BOARD
OF SUPERVISORS, ET AL.

### RULING

This matter is before the Court on the *Motion to Dismiss For Failure to State a Claim*[1] filed by Defendants, Southern University Board of Supervisors, Freddie Pitcher, Jr., John K. Pierre, and Tony Clayton (collectively "Defendants"). Plaintiff, Shaboyd Cannon ("Plaintiff"), has filed an *Opposition*[2] to this motion. For the reasons which follow, the Court finds that the motion should be granted in part and denied in part.

### I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff was formerly a student enrolled at the Southern University Law Center ("SULC"), an institution within the Southern University Agricultural and Mechanical College System, which is an agency of the State of Louisiana. The Board of Supervisors ("the Board") is the constitutionally established governing body of the Southern System

---

[1] Rec. Doc. No. 25.
[2] Rec. Doc. No. 30.
45299

pursuant to Article XII Section 7 of the Louisiana Constitution of 1974. Defendant Freddie Pitcher, Jr. is the former Chancellor of SULC, Defendant John Pierre is the current Chancellor of SULC, and Defendant Tony Clayton is a current member of the Board. These Defendants are named solely in their official capacities.

Plaintiff alleges that he was dismissed from SULC on August 22, 2014, while he was in his third year of law school, for failing to report two arrests on his admission application back in 2011.[3] Following an appeal from this dismissal, Plaintiff alleges he was readmitted to SULC on August 26, 2014.[4] Plaintiff was dismissed again on January 13, 2015 on the alleged grounds that his 2014 dismissal had been taken "under advisement."[5] Again, Plaintiff appealed and attended a hearing before the Board, which Plaintiff alleges was "procedurally and substantively flawed," on October 25, 2015.[6] The Board denied Plaintiff's appeal and upheld his dismissal from SULC.

Plaintiff filed this lawsuit on August 8, 2017, asserting a state law breach of contract claim against SULC[7] and federal claims alleging that Defendants have violated Plaintiff's Fourteenth Amendment rights to due process, equal protection, and liberty interest.[8]

Defendants now move to dismiss Plaintiff's case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's "implied" Section 1983 constitutional claims are prescribed and because Eleventh Amendment sovereign

---

[3] Rec. Doc. No. 19, ¶ 1.
[4] *Id.* at ¶ 3.
[5] *Id.* at ¶ 4.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶¶107-119.
[8] *Id.* at ¶¶120-150.
45299

immunity shields the Defendants from both the federal and state law claims. Defendants also move to dismiss Plaintiff's motion for a preliminary injunction on the grounds that Plaintiff has failed to satisfy the criteria necessary to warrant a preliminary injunction.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it

---

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
45299

merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

### B. Sovereign Immunity/Prescription

Defendants correctly note that federal courts apply a state's personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. In Louisiana, such actions are subject to a liberative prescriptive period of one year, and prescription begins to run from the date of the injury or when damage was sustained.[18] Because Plaintiff knew in October 2015 that the Board rejected his appeal and his dismissal was final, Defendants contend Plaintiff's federal claims have prescribed as he filed this lawsuit in August 2017, more than one year after the date of injury or sustained damage.

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[14] *Twombly*, 550 U.S. at 570.
[15] *Iqbal*, 556 U.S. at 678.
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[18] For Section 1983 claims in Louisiana, the Fifth Circuit applies a one-year tort prescriptive period. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (stating that Louisiana's one-year statute of limitations for personal-injury actions applies to Section 1983 claims).
45299

Plaintiff opposes Defendant's motion and maintains that he is not seeking monetary damages, and he has not asserted claims under Section 1983; rather, he asserts his constitutional claims against the individual Defendants in only their official capacities, and he is seeking only declaratory and injunctive relief pursuant to *Ex parte Young*.

The Court finds that Plaintiff's claims have not prescribed and are not subject to a 12(b)(6) dismissal. The well-known doctrine of *Ex parte Young* serves as an exception to the rule that official capacity suits represent suits against the state. A state official sued in his official capacity for injunctive relief is a "person" under § 1983, "because 'official-capacity actions for prospective relief are not treated as actions against the State.'"[19]

To determine whether a plaintiff can maintain claims against a state official in his official capacity, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[20] Further, in *Nelson v. Univ. of Tex. at Dallas*, the Fifth Circuit has held that "a request for reinstatement is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law."[21] Although in *Nelson*, the

---

[19] *Mathai v. Board of Sup'rs of Louisiana State University*, 959 F.Supp.2d 951, 957-58 (E.D. La. 2013)(quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10, (1989)(quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985))); *Ex parte Young*, 209 U.S. 123, 145–48, 28 S.Ct. 441, 52 L.Ed. 714 (1908))(internal quotation marks omitted).
[20] *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (internal quotation marks omitted).
[21] *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008).
45299

Fifth Circuit addressed this issue in the employment context, the court's holding appears to likewise apply when a plaintiff seeks reinstatement to an educational program.[22] Because Plaintiff herein alleges that his constitutional rights to due process and equal protection were violated and seeks injunctive relief in the form of readmission to SULC, his federal claims fall within the *Ex parte Young* exception and are not barred by the Eleventh Amendment. Accordingly, because Plaintiff's federal claims constitute "ongoing federal violations," Plaintiff's federal claims have not prescribed, and Defendants' motion to dismiss is DENIED as to these claims.

### C. Breach of Contract Claim

Defendants have also moved to dismiss Plaintiff's state law breach of contract claim. Plaintiff alleges that a contractual relationship existed between himself and SULC based on the policies and procedures governing student conduct, including but not limited to the Southern University Student Conduct Manual.[23] Plaintiff further alleges that Defendants did not act in accordance with the governing policies and procedures with regards to Plaintiff's dismissal, thus violating this contract.

The Court finds that Defendants are entitled to dismissal of Plaintiff's breach of contract claim pursuant to Eleventh Amendment sovereign immunity. This claim is barred

---

[22] *See, e.g., Mathai*, 959 F.Supp.2d at 958 (citing *Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 469 Fed.Appx. 364, 367 (5th Cir. 2012) (affirming dismissal of student's claims against school that expelled him, because although he sought injunctive relief, he named only the school as defendant, not state officials in their official capacities)); Dupree v. Belton, No. 10–1592, 2013 WL 701068, at *3–4 (W.D.La. Feb. 26, 2013) (considering whether plaintiff's claim that school officials violated his rights in refusing to overturn his suspension entitled him to prospective injunctive relief).
[23] Rec. Doc. No. 1, ¶ 93.
45299

on jurisdictional grounds. Louisiana, and thus the Board of Supervisors for the Southern University System, has not waived its immunity in federal court for state law claims.[24] Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's state law breach of contract claim against the Board of Supervisors, and this claim is dismissed without prejudice pursuant to Rule 12(b)(1).[25]

## D. Preliminary Injunction

In his *First Amended Complaint*, Plaintiff includes in his "Prayer for Relief" a request that the Court enter a preliminary injunction enjoining the Defendants from violating his constitutional rights.[26] The request for a preliminary injunction is DENIED. First, Plaintiff has failed to comply with Local Civil Rule 65 which provides that an application for a preliminary injunction "shall be made in a document separate from the complaint and if not, may not be considered by the Court." Second, Plaintiff has failed to satisfy the substantive criteria for a preliminary injunction.

A preliminary injunction is an "extraordinary and drastic remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.[27] A plaintiff seeking a preliminary injunction must establish (1) a substantial likelihood of success on

---

[24] *See* La.Rev.Stat. Ann. § 13:5106(A); *Johnson-Blount v. Board of Sup'rs for Southern University*, 994 F.Supp.2d 780, 783-84 (M.D. La. 2014)(citing *Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D.La.1995)("The State of Louisiana has waived sovereign immunity in tort contract suits but it is not waived its immunity under the Eleventh Amendment from suit in federal court."); *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir.1997) (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir.1991))).
[25] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.2001) ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.").
[26] Rec. Doc. No. 19, ¶ F.
[27] *Munaf v. Geren*, 553 U.S. 674, 689, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008)(internal citations omitted).
45299

the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that their substantial injury outweighs the threatened harm to the party whom they seek to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest.[28]  Although the Plaintiff alleges in his *First Amended Complaint* that he has suffered irreparable harm, his pleadings are otherwise devoid of any reference to, or discussion of, the other factors.  Accordingly, any ostensible motion for a preliminary injunction couched in Plaintiff's prayer for relief is DENIED.

---

[28] *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); *accord Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).
45299

### III. CONCLUSION

For the reasons set forth above, the Defendants' *Motion to Dismiss For Failure to State a Claim*[29] is GRANTED in part and DENIED in part. Plaintiff's state law breach of contract claim is DISMISSED without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff's request for a preliminary injunction is DENIED. Plaintiff's federal claims remain, and this matter is referred back to the United States Magistrate Judge for discovery.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 18, 2018.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[29] Rec. Doc. No. 25.
45299