# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHABOYD PIERRE CANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-527-SDD-RLB** |
| **SOUTHERN UNIVERSITY BOARD OF SUPERVISORS** | |

## ORDER

Before the Court is Defendants' Motion for Sanctions and Dismissal (R. Doc. 64) filed on October 30, 2018. Plaintiff filed his Responsive Memorandum for Sanctions (R. Doc. 65) on November 19, 2018. The matter was referred to the undersigned for adjudication on March 27, 2019. (R. Doc. 68).

## I. Factual Background

Plaintiff, Shaboyd Pierre Cannon, initiated this litigation with the filing of his Complaint (R. Doc. 1) on August 8, 2017. Plaintiff's First Amended Complaint (R. Doc. 19) was filed on December 7, 2017. Therein, Plaintiff seeks declaratory and injunctive relief for alleged violations of his "due process rights, liberty interest, and equal protection rights under the 14th Amendment to the U.S. Constitution, including a Preliminary Injunction ordering his re-admission to Southern University Law Center for the Spring 2018 Semester with full rights and privileges as a student in good standing." (R. Doc. 19 at 3).

Defendants seek sanctions of attorney's fees and costs, and up to and including dismissal of Plaintiff's action "for the blatant failure to cooperate and participate in discovery on multiple fronts as required by this Court in prior orders." (R. Doc. 64 at 1). Specifically, Defendants allege that sanctions are appropriate as a result of Plaintiff's failure to cooperate at his own

deposition, his failure to respond to Defendants' Requests for Admission, and his failure to appear and take depositions noticed by him, each of which will be addressed individually.

## II. Law and Analysis

### A. Legal Standard

Under Fed. R. Civ. P. 30(d)(2), the "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[1] "the meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted," and it has been noted that "'[t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule.'" *Howell v. Avante Services, LLC*, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (citing *Glick v. Molloy*, 2013 WL 140100, at *2 (D. Mont. Jan. 10, 2013)).

Additionally, Fed. R. Civ. P. 30(g) provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition…"

The Court previously advised the parties, by way of Order dated September 25, 2018, "that if the Court finds that any person impedes, delays or frustrates the fair examination of the deponent, or that any discovery is being conducted in bad faith or unreasonably annoys, embarrasses or oppresses the deponent or any party, the Court will consider appropriate

---

[1] To the extent Defendants seek sanctions pursuant to Fed. R. Civ. P. 11 (*see* R. Doc. 64-1 at 3), the Court finds those provisions inapplicable herein. First, Sanctions under Rule 11(c) are for violations of Rule 11(b), none of which Defendants suggest are applicable to these facts. Second, Rule 11(d) specifically forecloses Rule 11 sanctions for discovery violations, and all of Defendants' arguments regarding Plaintiff's alleged violations deal with discovery issues, whether it be written discovery in the form of Requests for Admissions, or depositions. Additionally, to the extent Plaintiff argues that Defendants' Motion is improper as it is not made separately from any other motion as required by Rule 11, that argument will not be addressed based on the Court's finding that Rule 11 is inapplicable to the issues before it herein.

sanctions pursuant to Rule 30(d)(2) and (3) of the Federal Rules of Civil Procedure, including the reasonable expenses and attorney's fees incurred by any party." (R. Doc. 60 at 2).

### B. Plaintiff's Deposition

Plaintiff's deposition was scheduled for 2:00 p.m. on October 16, 2018, and commenced at 2:11 p.m. (R. Doc. 64-2 at 2). Prior to the taking of Plaintiff's deposition, Defendants sought court approval for the deposition to take place at the United States District Court for the Middle District of Louisiana by way of Motion (R. Doc. 58) dated September 21, 2018. The Court granted Defendants' Motion in an Order (R. Doc. 60) dated September 25, 2018. In that Order, the parties were advised that "if the Court finds that any person impedes, delays or frustrates the fair examination of the deponent, or that any discovery is being conducted in bad faith or unreasonably annoys, embarrasses or oppresses the deponent or any party, the Court will consider appropriate sanctions pursuant to Rule 30(d)(2) and (3) of the Federal Rules of Civil Procedure, including the reasonable expenses and attorney's fees incurred by any party."

Defendants argue that sanctions are warranted based on Plaintiff's participation (or lack thereof) in his own deposition. (R. Doc. 64-1 at 2). In support of this argument, Defendants allege that Plaintiff "consistently refused to identify, examine, properly respond, or address the questions or documents presented or even look at the documents presented to him," and that his "responses, or lack thereof, were bizarre, refusing to turn over pages, identify his own signature, making faces and gesturing with arms while remaining silent, referenced in the deposition as no response and refusing to answer direct questions on which he had knowledge." (R. Doc. 64-1 at 2). Plaintiff argues in Response that counsel for Defendants "attempt[ed] to 'unreasonably annoy' Plaintiff by use of redundantly submitted documents." (R. Doc. 65 at 4). He further posits

that he "truthfully did not know whether items presented at deposition were altered or the same as previously offered by Plaintiff himself." (R. Doc. 65 at 6).

The Court has reviewed in detail the deposition transcript submitted by Defendants. Plaintiff's evasive responses were not limited to questions regarding the authenticity of documents presented. Instead, Plaintiff failed to give clear answers to even simple questions about his own academic history or his current address, refused to read portions of documents presented to him, and of 345 recorded answers, 144 of those answers was "Not sure."

By way of illustration, Plaintiff responds "Not sure" to what school he attended after Morehouse (R. Doc. 64-2 at 23), whether several excerpts read aloud to him are accurate readings of documents presented to him (R. Doc. 64-2 at 16, 17, 18), whether he's had criminal charges and whether he's registered with the Selective Service (R. Doc. 64-2 at 22-23), whether a signature on a document is his own (R. Doc. 64-2 at 50), whether he applied to become a lawyer in the state of Georgia once he graduated from law school (R. Doc. 64-2 at 59), whether he would consider grades of "D, D-minus, D-minus, D-minus, D, F, D-plus, D, F" to be "good grades" (R. Doc. 64-2 at 62), the identity of his first attorney (R. Doc. 64-2 at 74), whether he filed his lawsuit on August 8, 2017 (R. Doc. 64-2 at 79), and whether the words on the shirt he was wearing at that moment were "Shaboyd Pierre Cannon, Esquire" (R. Doc. 64-2 at 81). Perhaps most notably, Plaintiff responds "Not sure" to whether his admission to Southern University Law Center was revoked, which is the alleged wrong that forms the basis of Plaintiff's request for declaratory and injunctive relief. (R. Doc. 64-2 at 39).

As noted above, and as shown through the foregoing examples, Plaintiff's frequent and repeated response of "Not sure" was not limited to questions regarding the identification or authentication of certain documents. Plaintiff responded "Not sure" to many questions that were

undoubtedly within his personal knowledge, or easily accessible by way of documents presented to him in deposition. His failure to definitively respond to relevant and appropriate inquiries regarding information or documents before him at that moment indicates a refusal to participate in the process, not the uncertainty Plaintiff suggests.

There are other indicators in the deposition transcript, beyond the Court's view of his "Not sure" responses, that further the Court's finding that Plaintiff simply refused to properly participate in his deposition. For example, Plaintiff was read an excerpt from a document and asked whether he recalled making the argument therein and providing it. (R. Doc. 64-2 at 45-46). The stenographer recorded a response of "(Indicating.)", suggesting that Plaintiff made some sort of visual gesture, and counsel responded, "No, I do not wish a mint, sir." (R. Doc. 64-2 at 46). Rather than answer the question, Plaintiff offered counsel a mint. Later, defense counsel presented a series of questions regarding the identity of certain online users commenting on a discussion forum, Plaintiff asked whether he could say something, defense counsel responded that he could answer yes or no as to whether he knows them, and Plaintiff responds, "Roll Tide." (R. Doc. 64-2 at 73). In another instance, Plaintiff refused to cooperate with defense counsel's request to view a document, wherein the following exchange occurred:

> Q: Please look at packet Exhibit Number 9 which has a large sequence of documents submitted by you and your attorney to the board of supervisors for their October 23rd meeting.
> Please open the packet.
> Please open the packet.
> Please open the packet sir, so that you can look at the summary statement which begins on Page 2.
> Please take off the clip so that you can properly look at the pages that I'm going to ask you questions about rather than flipping the paper around and turning your back on us.
> Please look at Page 2, which is entitled a summary statement in support of readmission.
> Are you familiar with it?
> You need to do more than lift it up, peek, and close it.

>           I want you to look at the document because I'm going to ask you
> questions about it.
>           A:      Lift what up, peek, and close it? What are you talking about?
>           Q:      Mr. Cannon, I want you to turn to Page 2, and I'm going to ask you
> questions on Page 2 of this exhibit.
>           A:      I heard you the first time.
>           Q:      Then please do so.
>           A:      What are you talking about?
>           Q:      Turn to Page 2 of Exhibit 9 now, please.
>           A:      Not sure.
>           Q:      We'll just read through it.
>           *****
>           A:      Not sure of the question. "Not sure" is my answer.
>           Q:      If you would look at Page 2, you would be able to. But you're
> refusing to turn the pages to actually look at the document to answer the question.
>           A:      (Indicating.)
>           Q:      And flipping it once and twice is not funny, sir.
>           A:      (Indicating.)
>           Q:      And doing it again and again and again is also not appropriate, sir.
>           A:      What are you talking about?
>           Q:      This is all being tape recorded and will be part of the official
> deposition.
>           A:      I don't know what you're talking about.
>           Q:      That's fine.

(R. Doc. 64-2 at 43-44, 46-47).

In short, the Court finds that Plaintiff simply refused to participate in his deposition, and sanctions are warranted. This wasted the time and resources of all involved, including the Court. It also occurred after the Plaintiff was specifically informed that this type of conduct would specifically subject him to sanctions, including attorneys' fees. Defendants seek redress in the form of attorneys' fees and costs, as well as dismissal of Plaintiff's claims in their entirety. The Court will not dismiss Plaintiff's claims at this time.

Defendants' requests for attorney's fees and costs, however, is reasonable in light of the circumstances. Defendants attach an invoice from the court reporting service for $580.85 for the cost of services rendered in connection with Plaintiff's deposition on October 16, 2018. (R. Doc.

64-7).[2] Defendants also suggest that the taking of Plaintiff's deposition amounted to two hours at a rate of $225.00 per hour, which timeframe is supported by the deposition transcript. (R. Doc. 64-1 at 9; R. Doc. 64-2 at 2, 82). Accordingly, Plaintiff shall remit to counsel for Defendants payment in the full amount of $1,030.85 within thirty (30) days of the date of this Order.

While Defendants do not request relief in the form of an order from the court directing Plaintiff to appear for and cooperate fully in another deposition, the Court will not foreclose the possibility of such a request at a later date. The Court will consider such request after the resolution of the pending dispositive motion.

### C. Defendants' Requests for Admission

Defendants propounded Requests for Admission on Plaintiff via electronic mail on September 6, 2018. (R. Doc. 64-3 at 7). Based on exhibits provided by Defendants in support of their Motion, Plaintiff appears to have responded to Defendants' September 6, 2018 email attaching the Requests for Admission just a few minutes after it was sent, attaching what appears to be a screenshot of a cellular device showing an album cover depicting a masked figure with a song titled "Trial Time," and stated the following:

> I guess now y'all know dis 4real…I aint even read it yet but I did send it through my families Group Text "Dey Just Laugh" – Wenny Man/shade tree mechanic. UmA get back Wit'cha doe [winking emoji] – p.s. IM GETTING READY FOR YOU LINDA CLARK

(R. Doc. 64-4 at 1-3). At 6:14 p.m. on September 7, 2018, Plaintiff again communicated with counsel for Defendants via electronic mail, indicating his position that the Requests for Admission were not compliant with "Federal Civil Procedure Rule 36" and stating, "[e]ither

---

[2] The invoice notes a cost of $638.94 for any payment made after 12/13/18. (R. Doc. 64-7). Defendants make no representation as to whether they paid the bill timely and seek reimbursement for the lesser of the two fees, or whether the bill remains outstanding and subject to the higher fees. Without such a representation or supporting evidence, the Court finds Defendants are not entitled to the higher amount.

7

coach up your staff and send a serious REQUEST FOR ADMISSION/ (RFA as you put it) or let 31 days pass and I will argue before the Judge why your request do not adhere Rule 36" and again warns "I AM PREPARING FOR YOU LINDA CLARK." (R. Doc. 64-4 at 5).

To begin, Plaintiff is advised that this is unacceptable. He must conduct himself in a professional manner going forward, completely absent of any warnings, threats, or personal attacks on adverse counsel or the Court, and maintaining focus on the substantive and legal nature of his litigation. Whether pro se or members of the Bar, all parties and their counsel are expected to behave courteously and professionally at all times throughout the legal process, both amongst themselves and before the Court, so that valuable resources are not drained on ancillary matters. Having been advised, the Court will issue no further warning before issuing appropriate recourse in the future.

Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Defendants represent that no such response was received within 30 days, and Plaintiff does not deny that representation. Generally speaking, should a party object to the validity of discovery or its compliance with the Federal Rules of Civil Procedure, such objection should be contained within a timely served response to the requesting party, as stated in Rule 26(a)(3). From there, the parties are encouraged to attempt to resolve any differences between themselves, and if unable to do so, seek a ruling from the Court as to any objections.

Plaintiff refused to respond, based at least in part on an objection to whether the Requests for Admission were in compliance with the Federal Rules of Civil Procedure. Ordinarily, the remedy for a lack of response to properly served requests for admission would be to order the

requests to be deemed admitted. In this case, however, and because the Plaintiff is pro se, the Court will address Plaintiff's objection.

Plaintiff states in his September 7, 2018 email, "[i]f you would reference Federal Civil Procedure Rule 36 one might interpret a statement to be written notating "Accept or Deny." (R. Doc. 64-4 at 5). In his Responsive Memorandum, Plaintiff argues that "A traditional Request for Admissions while operating in District Court should be formatted and labeled as such; accompanied by parties' name, case number, court, and title. Numbered 1 aliened [sic] left in format, with each questions optioned – Admit or Deny – labeled 1 through final questions." (R. Doc. 65 at 2). Plaintiff provides no legal support for this position, and the Court notes that there is no such requirement contained within Fed. R. Civ. P. 36.

Notwithstanding the foregoing, Defendants' Request for Admissions contain each and every quality Plaintiff suggests renders them fatally deficient. The Request for Admissions are titled such, and include the case caption containing the parties' names, case number, and court. (R. Doc. 64-3 at 1). The Request for Admissions are specifically directed to Plaintiff. (R. Doc. 64-3). Lastly, each request is sequentially numbered in left alignment, from 1 through 20, and each request begins with "Admit or deny." (R. Doc. 64-3 at 3-7). Even if Plaintiff's objections had merit, the Request for Admissions comply with each objection Plaintiff makes.

Ultimately, Plaintiff failed to provide a timely response or objection to Defendants' Request for Admissions, and his purported objections find no support in the law, nor do Defendants' Request for Admission even fall short of Plaintiff's expectations. Based on the foregoing, the Court finds the appropriate remedy to be that provided for in Fed. R. Civ. P. 36(a)(3), *i.e.*, Defendants' Request for Admission numbers 1-20 (R. Doc. 64-3) are deemed admitted as written.

This conclusion is further supported by various representations made by the Plaintiff to opposing counsel as well as the Court. In his September 7, 2018 email, Plaintiff states "you forward documents half of which I have already entered into the record" and "[e]very document here either has my signature or a signature of your client." (R. Doc. 64-4). In his Responsive Memorandum, Plaintiff represents to the Court that when he "opened the attachments they appeared to be the same documents either submitted by Plaintiff during Appeals before The Southern University Board of Supervisors October 25, 2015, or those used for authentication by Plaintiff when deposing Defendant. Plaintiff could not understand why Defendant or Defendants' counsel would send documents previous [sic] admitted to, by either personal admission or signature." (R. Doc. 65 at 3). Plaintiff appears to have no objection to the authenticity of the documents that are the subject of Defendants' Request for Admission, which provides further justification for the Court's remedy provided herein.

### D. Noticed Depositions

Defendants seek sanctions for Plaintiff's failure to attend and participate in depositions scheduled to take place on September 24, 2018, representing that these were deponents called to testify by Plaintiff himself. (R. Doc. 64 at 3-4). In response, Plaintiff argues that (1) only the first of five scheduled deponents actually showed; (2) lawyers or spouses were not required by Plaintiff; (3) all time and monies spent therein cannot be accounted for; (4) Plaintiff paid the court reporter; (5) Plaintiff had to travel over 150 miles to conduct the depositions; and (5) the canceling of a deposition is not unheard of. (R. Doc. 65 at 2).

On September 24, 2018, the date the depositions were to take place, Defendants filed a Notice with the Court indicating that counsel and Dr. Tarver, a representative of Defendant Southern Board of Supervisors, arrived at 8:30 a.m. for a deposition scheduled to begin at 9:00

a.m. (R. Doc. 59 at 1). When no other parties appeared at 9:00 a.m., counsel for Defendants emailed Plaintiff and the court reporter, wherein the court reporter advised that Plaintiff had terminated their services because he would be using someone else. (R. Doc. 59 at 1). Dr. Ray Belton and Deidre Robert arrived at 9:30 a.m. for the second deposition. (R. Doc. 59 at 1). At 10:00 a.m., Defendants represent they notified the Court they would be leaving and informed the remaining deponents that they were released. (R. Doc. 59 at 2). Defendants then received an electronic communication from Plaintiff at 10:27 a.m., almost 2.5 hours after the first deposition was scheduled to begin, wherein he stated, "I will NOT be holding Depositions today." (R. Doc. 59 at 2) (emphasis in original).

The Court received correspondence from Plaintiff on September 19, 2018, indicating his intention to cancel the depositions and attaching a cancellation of the court reporting service, and issued a Notice regarding same on September 25, 2018. (R. Doc. 61). The correspondence represents that it was sent to counsel for Defendants via electronic mail, but Defendants assert they never received the correspondence, and Plaintiff provides no evidence to the contrary. Plaintiff also does not argue in his Responsive Memorandum that he communicated a cancellation to defense counsel, instead insisting that he did not require the lawyers to attend, the deponents were not inconvenienced because they did not have to appear, and the canceling of a deposition is not unheard of. (R. Doc. 65 at 2). At a minimum, the Court will presume the correspondence was not received by Defendants.

Rule 30 of the Federal Rules of Civil Procedure, which governs depositions by oral examination, specifically contemplates the ability of counsel to cross-examine a witness and to lodge objections, and states, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ.

P. 30(c)(1). While Plaintiff may not have required counsel for Defendants to attend, said counsel is entitled to attend and participate, and it is common practice for adverse counsel to do so.

Fed. R. Civ. P. 30(d)(2) provides that a "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Furthermore, Fed. R. Civ. P. 30(g) provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition…"

Based on representations made to the Court, Plaintiff had decided not to move forward with the scheduled depositions at least as early as September 19, 2018. (R. Doc. 61 at 2). There is no reason that Plaintiff could not have notified adverse counsel, which would have saved counsel and deponents the time and resources spent attending depositions that were never to occur. Defendants seek reimbursement of $337.50 for 1.5 hours of attorney time spent at the scheduled depositions. (R. Doc. 64-6).[3] Although the Court finds this request well within reason, the Court's September 25, 2018 admonition of the possibility of sanctions for discovery abuses was after the September 24, 2018 depositions. The Court is aware of Plaintiff's pro se status and lack of recognition as to the appropriate manner by which to notify all affected parties that the depositions would not proceed. Although the Court will not impose additional sanctions, it is noted that discovery is closed and Plaintiff will not have any further opportunity to conduct any additional discovery.

---

[3] Plaintiff objects to payment for the court reporting services, representing that he paid for those. (R. Doc. 65 at 2). However, a review of the invoice submitted reflects that Defendants are seeking payment for the court reporting services billed to them for the deposition of Plaintiff himself, not for the depositions scheduled by Plaintiff that are the subject of this instant section. The request for reimbursement of the court reporting fees for the deposition of Plaintiff himself is addressed in that section.

### III. Conclusion

Considering the foregoing,

**IT IS ORDERED** that Defendants' Motion for Sanctions and Dismissal (R. Doc. 64) filed on October 30, 2018 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims will not be dismissed, but the Court will assess sanctions as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff shall remit payment in the full amount of $1,030.85 to counsel for Defendants within thirty (30) days of the date of this Order for costs and attorney's fees associated with the taking of his October 16, 2018 deposition.

**IT IS FURTHER ORDERED** that Defendants' Request for Admissions Numbers 1-20 propounded on Plaintiff on September 6, 2018 are hereby deemed admitted for all purposes going forward in this litigation.

Signed in Baton Rouge, Louisiana, on April 12, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**