# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHABOYD PIERRE CANNON            CIVIL ACTION

VERSUS            17-527-SDD-RLB

SOUTHERN UNIVERSITY BOARD
OF SUPERVISORS, ET AL.

## RULING

This matter is before the Court on the *Motion for Summary Judgment and Motion to Dismiss*[1] filed by Defendants, Southern University Board of Supervisors, Freddie Pitcher, Jr., John K. Pierre, and Tony Clayton (collectively "Defendants"). Plaintiff, Shaboyd Cannon ("Plaintiff"), has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the reasons which follow, the Court finds that the summary judgment motion should be granted.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff was formerly a student enrolled at the Southern University Law Center ("SULC"), an institution within the Southern University Agricultural and Mechanical College System, which is an agency of the State of Louisiana. The Board of Supervisors

---

[1] Rec. Doc. No. 66.
[2] Rec. Doc. Nos. 67 & 72.
[3] Rec. Doc. No. 76.
52165

("the Board") is the constitutionally established governing body of the Southern System pursuant to Article XII Section 7 of the Louisiana Constitution of 1974. Defendant Freddie Pitcher, Jr. is the former Chancellor of SULC, Defendant John Pierre is the current Chancellor of SULC, and Defendant Tony Clayton was formerly a member of the Board. These Defendants are named solely in their official capacities.

Plaintiff alleges that he was dismissed from SULC on August 22, 2014, while he was in his third year of law school, for failing to report two arrests on his admission application back in 2011.[4] Following an appeal from this dismissal, Plaintiff alleges he was readmitted to SULC on August 26, 2014.[5] Plaintiff was dismissed again on January 13, 2015 on the alleged grounds that his 2014 dismissal had been taken "under advisement."[6] Again, Plaintiff appealed and attended a hearing before the Board, which Plaintiff alleges was "procedurally and substantively flawed," on October 25, 2015.[7] The Board denied Plaintiff's appeal and upheld his dismissal from SULC.

Plaintiff filed this lawsuit on August 8, 2017, asserting a state law breach of contract claim against SULC[8] and federal claims alleging that Defendants have violated Plaintiff's Fourteenth Amendment rights to due process, equal protection, and liberty interest.[9]

Defendants moved to dismiss Plaintiff's case under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on prescription and Eleventh Amendment sovereign

---

[4] Rec. Doc. No. 19, ¶ 1.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 4.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶¶107-119.
[9] *Id.* at ¶¶120-150.
52165

immunity. The Court granted Defendants' motion as to Plaintiff's state law breach of contract claim but denied the motion to dismiss Plaintiff's federal claims because Plaintiff clarified that he sought only declaratory and injunctive relief, rather than money damages.[10] Accordingly, because the Plaintiff alleged that his constitutional rights to due process and equal protection were violated and seeks injunctive relief in the form of readmission to SULC, the Court held that his federal claims fall within the *Ex parte Young* exception and are not barred by the Eleventh Amendment.[11]

Defendants filed the instant motion seeking relief under Rule 12(c) and, alternatively, under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed an *Opposition* to this motion; however, Plaintiff's *Opposition* was responsive to a Rule 12(b)(6) standard, not responsive to the issues presented, unsupported by applicable jurisprudence, and rife with inappropriate hyperbole.[12] Nevertheless, the Court provided Plaintiff an opportunity to respond to Defendants' Rule 56 motion,[13] and Plaintiff submitted a second *Opposition* within the deadlines provided.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[10] *See* Rec. Doc. No. 31.
[11] *Id.*
[12] *See* Rec. Doc. No. 67.
[13] Rec. Doc. No. 71.
52165

of law."[14]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[15]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[16]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[17]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[18]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[19]  All reasonable factual inferences are drawn in favor of the nonmoving party.[20]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely

---

[14] Fed. R. Civ. P. 56(a).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[16] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[17] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[18] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[20] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
52165

how this evidence supports his claim."[21]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[22]

### B. Plaintiff's Summary Judgment Evidence

Plaintiff has failed to submit to the Court admissible summary judgment evidence to support his opposition to Defendants' motion.  Plaintiff's Statement of Contested Facts, incorporated into his *Opposition*, are identified by dates.  Only two statements of purported fact contain a citation to record evidence.  The statement identified as 2013-8-14 references Exhibit #52.[23]  However, this Exhibit is not evidence supporting Plaintiff's statement.  The statement identified as 2015-10-14 & 22 references Exhibit #51,[24] but this exhibit likewise does not evince support for Plaintiff's proffered statement of fact.  No other purported statements of contested facts direct the Court to corresponding record evidence as required by Rule 56(c)(1)(A) which provides that: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials … ."

---

[21] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[22] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[23] Rec. Doc. No. 72-1 at 1.
[24] Rec. Doc. No. 72-1 at 2.
52165

The only other exhibit attached to Plaintiff's *Opposition* is his Affidavit.[25] To the extent the Court considers all other statements as supported by this Affidavit, Plaintiff fares no better. Plaintiff's Affidavit is replete with inadmissible hearsay, speculative and conclusory statements, and is not in proper form. The last page of Plaintiff's Affidavit includes a Notary Acknowledgment that indicates that Plaintiff personally appeared in the State of Louisiana, Parish of East Baton Rouge, before Notary Public Ramana Rao Gudapati of Bibb County, Georgia. La. R.S. 35:5 provides that:

> Oaths, acts, and acknowledgments taken, made, or executed by or before any person purporting to be a notary public, duly appointed and duly qualified in any other state, territory of the United States, or the District of Columbia shall have the same force and effect without further proof of the signatures as if taken, made, or executed by or before a notary public in Louisiana.

Thus, an out-of-state notary public is permitted under Louisiana law to notarize a Louisiana document. However, under both Louisiana and Georgia law, a notary public may not notarize a document outside of his jurisdictional limits. La. R.S. 35:10 provides that "[a]ll notarial acts shall be made and executed at any place within the jurisdictional limits of the notary." Under the Georgia Code, OCGA § 45-17-9, "[n]otarial acts may be exercised in any county in the state." As this Affidavit represents that a Georgia Notary Public notarized a document in East Baton Rouge Parish, it is not properly notarized as the notary is not authorized to notarize a document outside of the physical state of

---

[25] Rec. Doc. No. 72-1 at 3-8.
52165

Georgia. Accordingly, Plaintiff's Affidavit is not admissible summary judgment evidence for the foregoing reasons.

### C. Rule 65 Permanent Injunction

"The legal standard for obtaining a permanent injunction mirrors the legal standard for obtaining a preliminary injunction."[26] Thus, "[a] plaintiff must demonstrate '(1) actual success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest.'"[27] However, the notable difference between the legal standard for a preliminary injunction and a permanent injunction is that the Plaintiff must demonstrate actual success on the merits and not just a likelihood of success.[28]

Plaintiff's arguments suggest confusion regarding the relief he seeks in this matter. First, Plaintiff argues that he "does NOT request injunctive relief against the defendants in their official capacity for violating his Federal/Constitutional Rights by way of Summary Judgment."[29] However, Defendants have a right to pursue judgment via Rule 56 of the Federal Rules of Civil Procedure, and once Defendants so move, Plaintiff is required to respond under Rule 56. It is of no consequence that it may not be Plaintiff's procedural preference. To proceed to trial on his claims, Plaintiff must defeat Defendants' summary

---

[26] *Viet Anh Vo v. Gee*, 301 F.Supp.3d 661, 664 (E.D. La. 2017)(citing *Lionhart v. Foster*, 100 F.Supp.2d 383, 385–386 (E.D. La. 1999)).
[27] *Id.* (quoting *Causeway Med. Suite v. Foster*, 43 F.Supp.2d 604, 610 (E.D. La. 1999)).
[28] *Id.* (citing *Lionhart*, 100 F.Supp.2d 383, 386).
[29] Rec. Doc. No. 72 at 1.
52165

judgment motion according to the standard set forth above. Second, Plaintiff states that "there is a substantial likelihood to success on the merits of this case,"[30] but, as set forth above, Plaintiff seeks a permanent injunction which requires Plaintiff to demonstrate *actual* success on the merits. Finally, Plaintiff maintains that he "yet prefers Trial in lieu of injunction because to grant simple re-admission would only suggest the violation of Constitutional Right to be not just acceptable but preferred if those rights infringe upon the face value of State funding institution and their sponsors."[31] This incoherent statement is followed by an argument that a trial on the merits would serve the public interests by purportedly publicly shaming the Defendants for their alleged actions which "reflect a communist dictatorship not a democratic state govern [sic] by Constitutional freedoms, rights, and liberties."[32] Notwithstanding Plaintiff's arguments, his *Opposition* is largely substantively unresponsive to the permanent injunction factors, and Plaintiff fails to present summary judgment evidence to controvert the Defendants' evidence as will be detailed below.

### D. Equal Protection Claim

The Court finds that Plaintiff has abandoned his Equal Protection claim. Indeed, Plaintiff fails to mention or address his Equal Protection claim in either *Opposition* brief filed in response to Defendants' motion. By failing to even mention this claim, Plaintiff effectively abandoned the claim and failed to meet his summary judgment burden in

---

[30] *Id.* at 6.
[31] *Id.* at 6-7.
[32] *Id.* at 8.
52165

demonstrating a fact issue regarding this claim.[33] Defendants are entitled to summary judgment on this claim.

### E. Due Process Claim in the University Context

The United States Supreme Court has not addressed whether a university student has a protected liberty or property interest in post-high school education. Although there is disagreement among the circuit courts, the Fifth Circuit held in *Dixon v. Ala. State Bd. of Ed.* that a university student has some type of protected interest which must be appropriately safeguarded prior to expulsion.[34] Following this precedent, the Court finds that Defendants could not deprive Plaintiff of his law school education without adequate due process.

The Court finds that Plaintiff was expelled subject primarily to a disciplinary dismissal rather than an academic dismissal, which requires more due process safeguards.[35] Paraphrasing *Dixon*, the district court for the Western District of Louisiana recently opined that, "[i]n the context of a disciplinary action, *Dixon* remains instructive:

> [T]he notice should, we think, comply with the following standards. The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the Board

---

[33] *See Bell v. Lane*, No. 12-00529-BAJ-SCR, 2014 WL 4925682 at *6 (M.D. La. Sep. 30, 2014)(quoting *Mid–Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010)("The fact that [plaintiff] raised this argument in its complaint will not save it from waiver if it failed to present this argument in its summary judgment motions.") (citation omitted); *Vela v. City of Houston*, 276 F.3d 659, 678–79 (5th Cir. 2001); *Penrod v. Bank of N.Y. Mellon*, 824 F.Supp.2d 754, 763 (S.D.Tx. 2011)("Plaintiffs' summary judgment response has abandoned the claim, offering no briefing on the subject."); *see also Smith v. Cleco Corp.*, 927 F.Supp.2d 382, 389 (W.D. La. 2013).
[34] *Pham v. University of Louisiana at Monroe*, 194 F.Supp.3d 534, 543 (W.D. La. 2016)(citing *Dixon*, 294 F.2d 150, 157 (5th Cir.1961)).
[35] *Id.* Defendants refer to Plaintiff's dismissal as the result of a "quasi academic/quasi disciplinary revocation." Rec. Doc. No. 66-1 at 18. Because Defendants concede Plaintiff's dismissal was, at least in part, disciplinary in nature, the Court will apply the heightened standard of process due in this case.
52165

of Education. The nature of the hearing should vary depending on the circumstances of the particular case...[b]y its nature, charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing which gives the Board or administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross examine witnesses, is required...[i]n the instant case, the student should be given the names of the witnesses against him and an oral or written report on the facts to which each witness testifies.[36]

In addition to the foregoing safeguards, a student is entitled to a neutral decision-maker free from bias. "There is no question that a biased decision-maker renders a disciplinary process unconstitutional."[37] However, "[i]n a school disciplinary context, the level of impartiality required for the decision-maker does not reach the absolute neutrality required in the criminal justice system."[38] Further, there is a presumption of honesty and integrity in those serving as adjudicators.[39] To sustain a procedural due process claim based on bias, actual bias must be proved.[40]

"Additionally, a University's departure from its own rules and regulations does not, by itself, violate procedural due process unless the rule or regulation codifies the pertinent constitutional standard."[41] A plaintiff has no due process right to state-implemented

---

[36] *Id.* at 543-44.
[37] *Hess v. The Bd. of Tr. of Southern Ill. Univ.*, 149 F.Supp.3d 1027, 1041 (S.D.Ill. 2015) (citing *Withrow v. Larkin*, 421 U.S. 35, 46–47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)); *Batagiannis v. W. Lafayette Cty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir. 2006).
[38] *Riggan v. Midland Indep. Sch. Dist.*, 86 F.Supp.2d 647, 656 (W.D.Tex. 2000).
[39] *See Withrow*, 421 U.S. at 47, 95 S.Ct. 1456.
[40] *Pham*, 194 F.Supp.3d at 544.
[41] *Id.* (citing e.g.; Brown v. Univ. of Kansas, 16 F.Supp.3d 1275, 1290 (D.Kan.2014) aff'd 599 Fed.Appx. 833 (10th Cir.2015); Trotter v. Regents of Univ. of New Mexico, 219 F.3d 1179, 1185 (10th Cir.2000); 52165

procedures; rather, the relevant inquiry is, at all times, whether or not a plaintiff has been afforded constitutionally adequate notice and a constitutionally adequate hearing.[42] However, the continuous violation of state-implemented rules could conceivably violate procedural and/or substantive due process if such conduct shocks the conscience or results in fundamentally unfair proceedings.[43] Further, while case law has provided general guidelines regarding specific procedures that should be employed in the university context, "it is important to remember that 'the requisite elements of procedural due process are not wooden absolutes applicable to each case regardless of circumstances.'"[44]

In addition to procedural due process, the Fourteenth Amendment also protects substantive due process rights. The substantive component of the due process bars certain arbitrary government actions, "even if their implementation is fair."[45] In determining whether the university's action was arbitrary in the constitutional sense, the Court asks whether the action "shocks the conscience."[46] "In the case of the specific acts of Defendants 'only the most egregious official conduct' is arbitrary in the constitutional sense."[47]

---

Schuler v. Univ. of Minn., 788 F.2d 510, 515 (8th Cir.1986); Jones v. Bd. of Gov. of North Carolina, 704 F.2d 713, 717 (4th Cir.1983); Shah, 54 F.Supp.3d at 681, n. 15; Cobb v. Rector and Visitors of Univ. of Virginia, 69 F.Supp.2d 815, 828 (W.D.Va.1999); Edwards v. Bd. of Regents of Northwest Missouri State Univ., 397 F.Supp. 822, 829–30 (W.D.Mo.1975).
[42] *Id.*
[43] *Id.*
[44] *Id.* (quoting *U.S. v. Richardson Indep. Sch. Dist.*, 483 F.Supp. 80, 85 (N.D.Tex.1979)).
[45] *Id.* (quoting *Dismukes v. Hackathorn*, 802 F.Supp. 1442, 1447 (N.D.Miss.1992) (citations omitted)).
[46] *See Kinzie v. Dallas Cty. Hosp. Dist.*, 239 F.Supp.2d 618, 628 (N.D.Tex. 2003) (citations omitted).
[47] *Hess*, 149 F.Supp.3d at 1043 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).
52165

Plaintiff has failed to argue or present summary judgment evidence regarding a substantive due process claim. Plaintiff's arguments and purported evidence ostensibly focus on a procedural due process claim. Although Plaintiff has already failed to provide summary judgment evidence to demonstrate materially disputed facts, the Court also finds that the overwhelming, uncontroverted evidence submitted by Defendants undermines any claim that Plaintiff was not afforded necessary due process under the facts of this case.

Defendants' statement of uncontested facts is set forth below, and each statement is supported and demonstrated by the referenced exhibit(s).

**2011** Cannon submitted his application and resume to SULC, signed February 8, 2011 and received by SULC Admissions on February 15, 2011. The SULC Admission form instructs all applicants to fully identify any past criminal actions in sections C & D. Ex. 1, Ex. 15, Att. V.

**2013-8-14** Vice Chancellor White, by email, provided all SULC students with a Character & Fitness reminder, which was then incorporated into the written 2014 Student handbook, as well as the forms to be used if amending or supplementing and emphasized the importance of doing so. Ex. 19, Att. V.

**2014-3** Cannon applied to the Georgia State Bar Association for possible admission in Georgia after completion of law school and authorized SULC to provide requested forms and information. The SULC Registrar received the request April 1, 2014 and responded with the form April 7, 2014. Ex. 2, Att. VIII.

**2014** The Georgia State Bar Association notified Cannon of inconsistencies in his listing past criminal charges in the Georgia and SULC applications and notified him no further actions would be taken until corrections were made. Ex. 6 & 9.

52165

**2014-8-20** The SULC Admissions Committee (AC), charged with review of applications for future enrollment and requests for an amendment or supplement to those initial applications, received Cannon's request to amend his 2011 application to include two prior criminal listings from 2009 and 2010 and change his answer from no to yes in 'Character and Fitness' section asking if there were past charges. They reviewed the request pursuant to SULC Administrative procedures. Ex. 4 & 26, Att. V, VIII.

**2014-8-20** VC White met with Cannon to review the amendment request. Cannon stated his attorneys advised him that it was not required to include the charges for the law school process, only for State Bar Admissions. VC White advised Cannon to get a letter from that attorney for the AC to explain the omission in 2011 for consideration of the 2014 application amendment. No letter was produced by Cannon for the AC. Vice-Chancellor White shared with the AC Cannon's explanation. The 2014 members of the AC were: Vice-Chancellor White (chair); Vice Chancellor for Evening Division John Pierre (co-chair); Vice Chancellor for Academic Affairs Russell Jones (co-chair); Director of Admissions Andrea Love; Professor Nadia Nedzel; Professor Ollivette Mencer; and Professor Arthur Stallworth. Ex. 3, Att. II & VIII.

**2014-8-22** The AC, applying the SULC review procedures, unanimously rejected Cannon's request to amend and, pursuant to the terms and conditions in the application and the SULC Student Handbook, notified Cannon his admission was rescinded. Ex. 3, Att. V,VIII.

**2014-8-22** Vice-Chancellor John Pierre, a member of the AC, wrote Cannon of the AC's rejection of his appeal and his administrative dismissal for his failure to include the information in his initial 2011 application pursuant to the notices and authority outlined in that admission process. Ex. 4, Att. III.

**2014-8-23** VC White notified Cannon that the AC decision, addressed to his address on file, should be picked up. Ex. 5, Att. V.

**2014-8-26** Cannon appealed to Chancellor Freddie Pitcher. Cannon was permitted to remain in school during the Appeal. Ex. 6, Att. II & V.

**2014-9-4** A letter from Chancellor Pitcher, with the name of the addressee removed, states an appeal has been granted. Ex. 13, Att. II.

**2015-1-9** Chancellor Pitcher denied Cannon's appeal. Ex. 7, Att. II.

**2015-1-20** Cannon appealed to the SUS President Ron Mason. Ex. 8.

**2015-2-3** Monique Guillory-Winfield, Vice-President for Academic and Student Affairs for SUS, emailed that she reviewed the material submitted to the System office and provided information to the administration regarding a questionable letter dated 9-4-2014 included. Ex. 20, Att. II, III & VII.

**2015-2-6** SUS President Mason denied Cannon's appeal and informed him he could appeal to the full Board. Ex. 8, Att. II & III.

**2015-8-3** Cannon appealed to the SUS Board. Ex. 9, 18 & 21, Att. II, IV, V & VII.

**2015-8-4** SUS counsel Tracie Woods acknowledged the appeal to be reviewed. Ex. 21, Att. VII.

**2015-8-6** Cannon sent to Board Chair Dr. Leon Tarver and the Board additional information about his appeal with a request to respond to his Attorney Dan Scheuermann. Ex. 18, Att.VI.

**2015-9-18** SUS Board counsel Woods sent schedule information to Scheuermann. Ex. 22, Att. VII.

**2015-10-14 & 22** SUS Board counsel Tracie Woods sent information to second attorney Willie Zanders, identifying the date and times of the Board meeting to consider Cannon's appeal. Ex. 23, 24, Att. VII.

**2015 – 10** Zanders, on behalf of Cannon, submitted an appeal packet of letters, emails and documents for the Board's consideration on why to grant the appeal. This included the purported 9-4-2014 Pitcher letter granting appeal with the argument it was sent to Cannon and could not be changed. Ex. 9, Att. IV,VI,VII.

**2015-10-23** The Board met on October 23, 2015 for a regularly scheduled Board meeting and took up Cannon's appeal. In so doing, they went into Executive Session and reviewed the materials submitted by Cannon and Zanders. The Board, back in open session, voted 10 to 2 to deny Cannon's appeal, affirming the original August 22, 2014 decision by the AC and the denials of the appeal by Chancellor Pitcher and President Mason in 2015. Ex. 9&10, Att. III, IV,V, VI & VII.

52165

**2015-10-27** Board Counsel Woods notified Zanders of the 10 to 2 vote to deny the appeal. Ex. 10, Att. VII.

**2016-9-12** Cannon sent a request for a re-hearing to Board Chair Tarver who denied the request. Ex. 12, Att. VI.

**2017-8-8** Cannon's Original Complaint was filed by Zanders. Doc. 1.[48]

Considering the uncontroverted summary judgment evidence submitted by Defendants, which establishes that Plaintiff received procedural due process before his expulsion from SULC, the Court finds that there are not genuine disputes of material fact that preclude summary judgment in favor of Defendants.

## III. CONCLUSION

For the reasons set forth above, the Defendants' *Motion for Summary Judgment*[49] is GRANTED, and Plaintiff's claims are dismissed with prejudice. *Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 27, 2019.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. No. 66-1 at 2-5.
[49] Rec. Doc. No. 66.
52165